Welcome aboard for our next case, which is United States v. Platero 19-2193. And for the appellant is Ms. Gagin. Thank you, Your Honor. May it please the Court, my name is Mallory Gagin with the Federal Defender for the District of New Mexico, and I represent the appellant, Patty Platero. We are simply asking the Court to join five circuits that have held that guideline commentary cannot amend or add prohibited conduct to the substantive guideline text. This rule was announced by the Supreme Court in Stinson, and it is an important tool of guideline interpretation. In this case, the District Court allowed the commentary to add prohibited conduct to the language of the guideline text. This increased Mr. Platero's base offense level and his resulting guideline range. It was plainly erroneous, and Mr. Platero's case must be remanded for resentencing. The guideline at issue here, we're talking about one guideline and an application note. The application note at issue explaining what offense-involved conduct described in 18 U.S.C. 2241 A or B, the application note interpreting that guideline text actually adds conduct. It's not explaining or expounding upon what the language means, but it's adding prohibited conduct to the text of the guideline. The statute 1824, or I'm sorry, 2241 A or C, unambiguously refers to sexual acts committed by force, with threat of force, through rendering someone unconscious or involuntary intoxication. That is unambiguously what the statute prohibits. The guideline in referring to that statute, therefore, unambiguously prohibits a sexual act committed by those means. But we know that the statute of conviction is not 2241, correct? Yes, that's correct. So, already there's an ambiguity right there, isn't there, that the crime of conviction is 2244, but the guideline references 2241, correct? The court is correct that the guideline applies to convictions for under 2244, and that the guideline at issue, the subsection, references 2241, so they're referencing different statutes. Okay, so if that's not an ambiguity, it should at least make you scratch your head, right? What's going on here, right? Am I wrong? It appears to be incorrect. Okay, all right, all right. And the language that it uses, say in 3.4A1, says involved conduct described in, and that is different than the similar language in 3.1A1, where it says convicted under, correct? I'm sorry, 3.1. 3.1 is for criminal sexual abuse. Yes. And it says convicted under, correct? Correct. Clearly different than the language saying involved conduct described in. In 3.4A1. Correct. And if we accept your interpretation, doesn't that mean that there are some crimes under 2244 that have no guideline? I wouldn't say that have no guideline, but I would say that the court is likely correct that they would not, there are crimes under 2244 that would not receive the base offense level of A1 or 2. But I would also suggest that that is not really the question before the court this morning. That the question is about, has the commission appropriately exercised their power in using guideline commentary to amend and change the plain language of the guideline text? The result may be- But part of our path in getting there is to determine whether or not the guideline is ambiguous. You would agree with that, wouldn't you? Yes. All right. And all I'm inquiring about is not whether or not it changed things, but whether or not the commentary explains an ambiguity inherent in 2A3.4A1, A2 and A3. The guideline is not ambiguous. I think that the guideline may be wrong and where we're headed is that it may be sort of superfluous and not used, but it's not ambiguous. And I noted, we provided a supplemental authority to the court, notifying this court of the Embank Third Circuit case, Nasir. And in its response to that, the government noted also that the guideline is not ambiguous. And on this point, I would agree with them that the guideline, the plain language of the guideline is involved conduct described in, and then it references a statute. So that is a simple statement of fact, which says, okay, we have to have the conduct of this statute. And when we go to that statute, we get the clear conduct that's prohibited, which is a sexual act committed by force, a threat of force, rendering a person unconscious, or this type of involuntary intoxication described. Let me ask about the earlier version of the guideline. Yes. What if the guideline said, if the offense was committed by the means set forth in 18 USC 2241A or B, that would clearly encompass what happened here, would it not? Yes, it would. And that was changed. That language was changed from by the means set forth in to involve conduct described in. And if you look at the sentencing commission's amendment that does that, there's no indication in that explanation that they were changing the substance of the guideline. The commission thought that was only a stylistic change. I think it was a lousy one, but doesn't that count for something? They thought it was ambiguous. They didn't think this new language changed language that would clearly apply to your case. Well, I don't believe that they indicate that they're intending a substantive change, but I don't know that they indicate that it just means the same. And so we're left with... Well, you've read these explanations in the past. If they make a substantive change, their practice is to say so and why they're doing it. Is it not? In some circumstances, I think, yes, they do explain that. But then we're left with this question of why make this change to language that doesn't actually say what they mean. I agree with the court that the first language is better and it clearly directs you to the conduct that's prohibited. And then they change it to say involved conduct described in, and they don't give us a lot of indication for why they did that. But now the government is saying, well, what it actually means is what it said before. So what is the point for that change? Well, one reason they might not have... Well, there's no way it's going to be read the way you are reading it now, because then it would have no purpose whatsoever. It would never apply. So it must mean the means set forth as opposed to the whole, every element of the statute. The first question, as we started from the beginning, the first question is whether the guideline is ambiguous. Because as the Supreme Court reminded us recently in Keiser v. Wilkie, is that we do not get to an agency's interpretation of their regulations. In this case, the guidelines interpretate the commission's interpretation of the guidelines, unless the language in the text is plainly ambiguous. And our position is that here at this time, this language is not plainly ambiguous. And it may be that if the court grants what we are asking, that these higher base offense levels will not be used for sexual contact crimes, which is what Mr. Platero was convicted of. But I would argue that that is not the question before the court, that the Supreme Court has talked about how the sentencing commission is a quasi-judicial and a quasi-legislative body, and that it straddles these two branches of government. And the reason that it's constitutional in its exercise of its powers is because it is the language of the guideline text that is approved and ratified by Congress. And so we have the language that was approved and ratified by Congress in this case saying, if the offense involved conduct described in the statute. That unambiguously refers us to a statute and all of the elements of that statute. There's no indication in the text of the guideline. Well, all we're saying, I think, is if the obvious interpretation of the language makes no sense, it leads to really absurd results. Then there's an ambiguity created by that. I'm sorry, I just thought of this case just now, so I can't give you a site. I'll probably get things wrong. I think it was the sanitary laundry case by the Supreme Court. Are you familiar with that? You're smiling. I'm not, I'm sorry. Well, I think Judge Murphy is smiling and he knows a lot, so he'll probably straighten me out. I'm smiling at you. Oh. That was a case in which the rules of evidence used the word defendant and said you couldn't use evidence of misconduct by the defendant unless something happened. In that case, it was a plaintiff in a civil case and the Supreme Court, I think Scalia may have written the opinion, said we just cannot accept that it means what it says. It can't possibly refer to just defendants. It's got to mean that doesn't work when it's a civil case. And they just, at some point, you've got to say this is ridiculous. They couldn't possibly have meant this. Well, I would be happy to review that case and submit supplemental briefing if the court would like it. I'm not totally in a place to respond to that case without knowing more about it. The more general point is you seem to say that language is not ambiguous, even though it leads to an absolutely irrational result, that they included this language to essentially eliminate that provision of the guidelines. We have to focus on the fundamental rules of the guidelines and the guideline construction. And so we have to first start with the text of the guideline and apply it as it is written because that is what is approved by Congress. The sentence is there. Our question is, as it is written, isn't that ambiguous? No, it's not. In that regard, do you think it's at least a strange result that under your interpretation that if the victim is 12 years or older, the perpetrator is treated more harshly under your interpretation than one perpetrator whose victim is under 12 years old? That is the result of your interpretation, correct? There is an enhancement. There is still a specific offense characteristic enhancement for age of the victim. I know. But if you apply yours in your case, it only gets you to 22. If you did it the way the prosecution is arguing, you would get it to a 24. And so the result would be the same. And that is that persons whose victim is over 12, 12 or over, are treated more leniently than people whose victim are under 12 years old. I guess I don't think that that is the case because the involved conduct described in 2241 A or B is not involving the age of the victim. It's talking about some other offense characteristics. And I do think that my time is rapidly disintegrating, and I would like to reserve time for rebuttal. I would like you to, too, but I have a question first. Yes. Under the previous guideline that Judge Hartz was referencing, did the commentary in question read the same? I believe it did. Yes, it said the means... Doesn't that suggest that the amendment meant no changes? I think the fact that there was an amendment in and of itself means that there's some kind of change and that this language was added to various portions. As the government points out in its answer brief, this language was added to five different guidelines. And in every other guideline, except for this one and all the other four, it's talking about a sexual act committed by force, a threat of force, or the two other options. So, although we may be talking about an absurd result, if the commission erred in revising the guideline, then the commission can fix the guideline through the proper channels by having the substantive language ratified by Congress. All right. Thank you, counsel. I'll give you some more time. All right. Let's hear from the government. Mr. Marshall. Good morning, Your Honors. My name is Nicholas Marshall with the United States Attorney's Office for the District of New Mexico. At issue before the court was the proper interpretation of the abusive sexual contact guideline at 2A3.4, specifically 2A3.4A1. The parties concur that Mr. Platero committed the crime of abusive sexual contact and that since the guideline, 2A3.4 should apply. However, Mr. Platero objects to 2A3.4A1 as the appropriate base level offense. As noted by the appellant, this issue was raised for the first time on appeal and review was therefore for plain error by the district court. As such, the court can affirm on any one of three prongs. In this case, that there was no error in the initial guideline interpretation, that if there was error, it was not plain as other circuits have adopted this reading of the guideline. And lastly, that Mr. Platero's substantial rights were not affected. First, that there was no error in the guideline interpretation. Mr. Platero misinterprets the abusive sexual contact guideline in A1 and makes the brazen claim that section 2A3.4A1 is limited, without a doubt, to sexual acts in their reply brief. Yet they cannot cite to a single source of support to support them in this endeavor because all interpretation has been to the contrary, that sexual acts are not part of this subsection. Platero reads in the term sex act when a plain language reading as well as the statutory construction indicate that the subsection applies only to sexual contact-based crimes. And this argument was rejected of putting sex acts into the sexual contact crimes in Headley and Maldonado, both that they did not require a sex act to be read into the sexual contact crimes. The commentary here does not add or modify the guideline. It merely provides the additional explanatory information and reflects the language of the statute of conviction. Platero's version of reading a sex act into abusive sexual contact guideline creates an absurdity and internal conflict that it was noted by your honors during the opening argument. And it is contrary to the principles of statutory construction as it ignores the meaning of the statute. The appendix to the guidelines indicate that 2A3.4 is only for abuse of sexual contact crimes and any sex act is sentenced under a different guideline. The appellant created the issue by their novel reading, essentially reading 2A3.4A1 to mean a sex act rather than the forced conduct as has been historically and contextually read previously. Within the guideline itself, it describes when sexual abuse occurs that the cross-reference of 2A3.4C applies. And you were to use a different section of the guidelines. And so under Platero's reading, a sex act would render 2A3.4A1 and summarily 2A3.4A2 both null and void. And this is supported by the Willis case, the second Willis case at 756 in Federal Appendix 37 that any sex act would trigger this cross-reference. Additionally, Platero never offers an example of when this guideline could ever be used. And these are contrary to the principles of the statutory construction that no clause should be superfluous, void, or insignificant as noted in the Chevron-Mindy case. When you look at the whole subsection, and you read- Mr. Marshall, Mr. Marshall, I'm confused. Are you saying that 2A3.4A is clear? Your Honor, it is. I think it was more clear when it was read previously with the means set forth in. However, it is not. OK, so if it's less clear, is it still clear? Yes, Your Honor. If you use the devices that are provided to you under KISOR, that you look to the text, the structure of the statute, it becomes clear. Because when you use the guidelines of construction and the definitions- Wait a minute, I'm asking if on its face, it's your position that 3.4A is clear? Yes, Your Honor. Because when you read it in full- OK, then let me ask you a follow-up question. Do you believe that 3.1A is clear? Yes, Your Honor. And they use two different languages. Then why is 3.4A1 not limited to crimes of conviction in 2241? Because when you read the guideline, the appellant conveniently leaves out the beginning in most of their argument. It starts with if the offense. And the guidelines tell us that the meaning of the term offense in guidelines 1B1.1 means offense of conviction. So you are anchored to that this being a sexual contact conviction. So if the conviction here, if the sexual contact involved conduct described in 18 U.S.C. 2241 A or B, and the conduct as noted in our recent supplemental authority, under Black's law, the conduct means personal behavior, whether by action or inaction, verbal or nonverbal. And it's the manner in which a person behaves. So the conduct that they're looking to in 2241 are the means that the action took place, not the ends, not that the sex act occurred, but how the sex act occurred, that it was done by force. And it has been universally interpreted that this language has been force conduct and not the conduct of actual penetration and like the act of a sex act. It has been interpreted to mean that the conduct described in reflects that this was the force conduct or threats of force conduct that would have been used to facilitate the sexual contact in this case. Well, if you look at 3.4 A3, there is no reference to 2241 or 2242 as there is in 1 and 2. So if it's clear, then doesn't that mean that what applies in this case is A3? No, your honor. A3 is the only one on his face there that could possibly include 2244. No, your honor, because this guideline is utilizing in some ways, mimicking the actual statute itself. Because when you look to the statute of 2244. Are you talking about the statute 2244? Or the statute 2241 or 2242? And your honor, in 2244, because when you look to 2244, it incorporates the language of 2241 into the conviction. Because each subsection of 2244 references back to a different crime of sexual abuse, whether that is in 2241 A or B, 2242, the different parts of 2243, or lastly, 2241 C. And so this guideline under the sexual contact- Why doesn't it just say the defendant was convicted under 18 U.S.C. 2244, whatever the particular subsection is? Why doesn't it say that? That would be clear, wouldn't it? You're correct, your honor. That would be more clear. I don't think that means that this is unclear. But your position is that a different way of articulating would be more clear than the way they did articulate it. Yes, your honor. I don't believe that this is the most artful construction of a guideline. But I don't believe that it is unclear in what crime is supposed to be sentenced under this guideline section. But to make it clear, don't they have to refer to items outside the wording in 4A1? No, your honor. The conduct definition by itself, they're discussing the conduct in 2241 A or B. They're referring to this force or threat of force conduct that is utilized in 2241 A or B when they refer to the conduct. Similarly, 2241 C refers to the force conduct that is in 2241 A or B. This is something that is commonplace throughout both the statutes themselves as well as the guidelines, as other guidelines have also interpreted this conduct in 2241 A or B to be this force conduct. Well, I think this is interesting, this approach you're taking, because does that mean your position is if the court deems it ambiguous that you lose? No, your honor. It's a harder standard to use than to use the hour deference standard. Then under Kaiser, the Kaiser directs you, the court, to look at the different sections and to look at the text defense initially, to look at the purpose of the statute, to look at the structure, the history of how the guideline and the statutes are used. And when you look, when you go to that next level analysis, as Kaiser directs at page 2415, that you have to exhaust the traditional tools of construction. And so while it is not as clear as it could be, once you do that next level analysis, it is not ambiguous to where you have to move to the next level of like the hour analysis. It becomes more clear when you take that next level analysis. Mr. Marshall, the reason why I asked the question is it just seems like you're digging in your heels to avoid a consideration that the panel's view of less clear may mean ambiguous. And you're trying to get us not to look at these other things you've just referenced for purposes of statutory interpretation. Then that was, Your Honor, that was not my point. My point was not to, that the court is not to look at these other means of statutory interpretation as instructed, as the Kaiser guidance permits that these other tools of construction are appropriate. And that the court, or the, sorry, the guideline could have been more artfully written. But I don't think it needs to go to the level of calling it completely ambiguous. Well, we can only refer to these other things if we call it ambiguous, isn't that true? Otherwise, we just look only at the words of the guideline. Yes, Your Honor. And additionally, that was one of the first prongs of the United States analysis. The second prong is that the error here was not plain. Counsel can cite no case that supports their analysis and interpretation of how this guideline has been read. There are at least two other circuits that have looked at this guideline since its change in the Sharfish and Maldonado cases that interpret that the 2A3.4A1 language, that this is a forced conduct interpretation and not that you have to read a sex act. In fact, historically and continuously, the court has said that there is not to be a sex act read into the 2244 cases and that a sex act is not required for that level of conviction. And then if the court can also look historically at the cases that have analyzed this, that the means set forth in 2241A or B means that it was committed by force. And that's the Yates case, 22F3D981, Cervantes, Ward, Reyes-Pena cases that all have a similar analysis, but these are using the means set forth analysis. But that the means set forth in 2241A or B is that this is a forced conduct analysis. And lastly, Your Honor, that the substantial rights of Mr. Platero were not affected. The court, by adopting the factual findings in the guideline range in the PSR, adopted that force was used. So even if it's read to that a sex act was necessary, the court would have read that it was a sex act with force. In the reply brief, defense makes it seem like there was never force read into this, but that's because the Platero is overlooking that Mr. Platero himself, in the district court records, as part of the plea hearing transcript, which is not part of the record on the appeal, but the court can look at this, that Platero adopted the force and restraint language that was used in the factual proffer. And that included that Patty Platero grabbed Jane Doe's feet and forcibly rubbed her feet against his erect penis through his clothes. It continues that Jane Doe could be heard yelling stop. And when asked by the magistrate court if the facts just stated were true and correct, Mr. Platero said yes. And so that the force language was adopted by Mr. Platero from the beginning. So if it wasn't necessarily explicit at the sentencing hearing, it's because everyone had already adopted that the force was used based on the defendant's own admission at the plea hearing itself. And you can see that it documents 36, as well as the first attachment to document 39, 39-1. And on the transcript, those are on pages 15 through 16. And as such, the Joe case as well, and the Chi case, both talk about that, that specifically the Joe case, that the restraint enhancement and the force, or the level of force are similar. And therefore, that you can't have one without the other. And in this case, the force that would have been necessary would allow for the restraint enhancement to be used. And so that the defendant's offense level would ultimately be the same. And there, as listed in our brief, that there are many cases, including Thompson, that state if the offense level is the same, there is no harm to Mr. Platero, and that his substantial rights have not been affected. And therefore, this prong is satisfied. And I'm sorry, Your Honor, I had not seen that I had passed time. And I apologize. Thank you, Mr. Marshall. Your time has expired. And let's give 60 seconds to counsel for Mr. Platero. Ms. Gagin. Thank you, Your Honor. I want to just say that the government says we have given no source of support for this guideline being interpreted as a sex act. But the plain rule of Stinson is that the guideline commentary cannot add prohibited conduct to the guideline text. It's our argument that the unambiguous language of the guideline refers us to 2241A or B, which is a sex act committed by force, threat of force, and intoxication. And also, there is no case where the government can point to no case where someone has raised this specific issue of the language where a court has ratified this language. And if the language is incorrect and flawed, then the commission can fix it. And as for the restraint issue, I would only say that that is a finding of fact that would need to be made by the district court. That's a sentencing in Chapter 3 enhancement. And it would be more appropriate for the district court to make that finding through a hearing on remand if probation in the court did determine that that was correct. My time is up. I submit the case. Thank you. Thank you, counsel. You're excused and the case shall be submitted.